IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tarence E. Edwards, | Case No. 1:14 CV 1175 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Allen Lazaroff, | |
| Respondent. | |

## INTRODUCTION

Tarence Edwards, a *pro se* Ohio prisoner, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Petition was referred to Magistrate Judge McHargh, who issued a Report & Recommendation ("R&R") advising this Court deny the Petition (Doc. 13). Edwards timely objected (Doc. 16).

Having reviewed the R&R's conclusions *de novo*, *see* 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court adopts the R&R and denies the Petition.

## STANDARD OF REVIEW

A district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). To determine whether a state court

decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of Supreme Court decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

## DISCUSSION

As an initial matter, Edwards alleges multiple violations of Ohio law in his materials. Violations of state law or state procedures are not normally cognizable in habeas corpus proceedings. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Therefore, to the extent Edwards' arguments assert violations of Ohio law, they do not entitle him to federal habeas corpus relief. *Id*.

Edwards presented the following specific issues in the Petition (Doc. 1 at 14–16):

1. A trial court's finding that allied offenses were committed with a separate animus violated a criminal defendant's Sixth Amendment rights. *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470 (2006), as applied; *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)

2. A finding that offenses were committed with a separate animus may only be based on evidence in the record. Fifth and Fourteenth Amendments to the United States Constitution.

3. When the substantial rights of a defendant are violated at trial by the admission of the inculpatory statements of a non-testifying co-defendant, a reviewing court must consider the prejudicial effect of the improperly admitted evidence in light of the record as a whole, not simply whether there was other evidence tending to establish the defendant's guilt. Sixth and Fourteenth Amendments to the United States Constitution, and Section[s] 10 and 16, Article I of the Ohio Constitution.

Edwards has waived the first issue. In the Traverse, Edwards twice concedes this argument, specifically stating that he is "forgo[ing] any further litigation on this issue" (Doc. 10 at 3). Yet

Edwards now tries to resurrect this claim in the Objection, contending he "inadvertently conceded" the argument because he was "confused" (Doc. 16 at 3).

As a result of Edwards' concession, the Magistrate Judge never had the opportunity to consider the first issue. Absent compelling reasons, a party may not raise, at the district court stage, issues that were not presented to the Magistrate Judge. *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534–35 (6th Cir. 2001); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Although Edwards contends (without explanation) that he was confused when he conceded his first ground for relief, the concession in the Traverse is explicit and there is no compelling reason to allow Edwards to revive the argument now.

The second ground for relief does not present a constitutional violation. Edwards' arguments regarding his two convictions and resulting sentences have been previously addressed and rejected by the Sixth Circuit. *Jackson v. Smith*, 745 F.3d 206, 211–15 (6th Cir. 2014). The Objection offers no persuasive reason to disturb the R&R's analysis of this claim.

The third and final ground for relief is not identical to the argument raised in his direct appeal to the Ohio Court of Appeals. However, giving deference to Edwards' *pro se* status, this Court has liberally construed his arguments and finds that the Ohio state courts have not made an unreasonable application of clearly established federal law in their analysis of the evidentiary ruling at trial. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Therefore, Edwards is not entitled to federal habeas relief on this issue. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

**CONCLUSION**

The Petition (Doc. 1) is denied. This Court also certifies that an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

       s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

August 22, 2016